## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

**BOBBY E. MATTHEWS,**

     **Petitioner,**

**v.**                                                          **Case No. 1:21-cv-00663**

**WARDEN, FMC Lexington,**[1]

     **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and Respondent's request for dismissal. (ECF Nos. 1, 7). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Petitioner is clearly not entitled to relief. Therefore, the undersigned **RECOMMENDS** that his § 2241 petition be **DENIED**, (ECF No. 1),

---

[1] Petitioner was incarcerated in Federal Correctional Institution McDowell in Welch, West Virginia when he filed the instant petition, and he named as Respondent the warden of that facility. Since that time, Petitioner has been transferred to Federal Medical Center Lexington in Lexington, Kentucky where he is presently in custody and projected to be released on October 24, 2024. *See* Register Number: 18251-074, Federal Bureau of Prisons ("BOP") Inmate Locator, available at https://www.bop.gov/inmateloc (last accessed May 27, 2022). Pursuant to Federal Rule of Civil Procedure 25(d), the warden of the facility in which Petitioner is in custody is substituted as Respondent in this case. Further, despite the fact that Petitioner is no longer in custody in the Southern District of West Virginia, the Court retains jurisdiction over this matter. "Jurisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994) (citing *Francis v. Rison,* 894 F.2d 353, 354 (9th Cir. 1990)).

that Respondent's request for dismissal, (ECF No. 7), be **GRANTED**, and this matter be **DISMISSED**, with prejudice, from the docket of the Court.

I.    <u>**Relevant History**</u>

    **A. Proceedings in district of conviction**

In February 2004, Petitioner was charged in a two-count indictment in the United States District Court for the Eastern District of Tennessee ("Sentencing Court"), alleging in Count 1 that Petitioner conspired to distribute 50 grams or more of methamphetamine, and in Count 2, that he possessed with intent to distribute methamphetamine. One day before Petitioner pleaded guilty to the charges, the United States filed a Notice of Intent to Use Prior Convictions to Enhance Punishment under 21 U.S.C. § 851. (ECF No. 7-2). On September 3, 2004, Petitioner appeared at a sentencing hearing. (ECF No. 7-3). At the hearing, the Sentencing Court determined that Petitioner qualified for an enhanced sentence under § 851 and was also a career offender under the United States Sentencing Guidelines ("USSG"). The Sentencing Court concluded that Petitioner had an offense level of 34 and a Criminal History Category of VI, resulting in a sentence range of 262 to 327 months' imprisonment. (*Id.* at 4-9). The Sentencing Court imposed a sentence of 262 months' imprisonment. (*Id.* at 10). Petitioner appealed his sentence to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") pursuant to *United States v. Booker,* and the case was remanded for resentencing.

On September 1, 2005, Petitioner appeared for resentencing. (ECF No. 7-4). The Sentencing Court reiterated that Petitioner qualified for a sentence enhancement under § 851 and was a career offender under the USSG; however, the decision in *United States v. Booker* changed the sentence range under the USSG from mandatory to advisory, giving the Sentencing Court greater flexibility in determining an appropriate sentence. (ECF No.

7-4 at 4). After considering the arguments of counsel and Petitioner's statement, the Sentencing Court reimposed a sentence of 262 months' imprisonment, explaining the reasons why such a lengthy sentence was necessary. (ECF No. 7-4 at 8-9). Petitioner appealed the sentence, but the Sixth Circuit affirmed the Sentencing Court's judgment on November 27, 2006. *United States v. Matthews,* Case No. 05-6440 (6th. Cir. Nov. 27, 2006), at Docket No. 24.

On October 12, 2021, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 in the Sentencing Court. (ECF No. 7-5 at 7; ECF No. 7-6). In the § 2255 motion, Petitioner challenged the application of both the career offender and § 851 enhancements to his sentence. (*Id.* at 2). Petitioner relied upon the Sixth Circuit's decision in *United States v. Havis,* 927 F.3d 382 (6th Cir. 2019), to argue that one of his predicate offenses for application of the career offender enhancement was no longer considered a predicate offense. He also contended that he no longer qualified for the § 851 enhancement because he did not serve more than a year in prison for the drug offense underlying the enhancement. Petitioner asked the Sentencing Court to resentence him without the enhancements, which would reduce his sentence range to 188-235 months' imprisonment.

The Sentencing Court denied Petitioner's motion on October 25, 2021. (ECF No. 7-7). The Sentencing Court explained that Petitioner's motion was untimely, because it was filed twelve years after Petitioner's conviction became final—well outside the one year limitations period applicable to § 2255 motions. (*Id.* at 4). Notwithstanding the untimeliness of the motion, the Sentencing Court proceeded to examine Petitioner's claims. The Sentencing Court found the claims to be without merit for two reasons: first, Petitioner failed to assert that he was innocent of the charged offense or the underlying

predicate offenses and he did not "rely on any constitutionally prohibited factors" as required by Sixth Circuit precedent to challenge a career offender designation. Second, the Sentencing Court noted that neither *Havis,* nor the First Step Act, applied retroactively to the claims raised by Petitioner, which foreclosed Petitioner's arguments pertaining to both enhancements. (ECF No. 7-7 at 5).

### B. Procedural history in this Court

On December 20, 2021, Petitioner filed the instant petition for a writ a habeas corpus pursuant to 28 U.S.C. § 2241, in which he asserts essentially the same claims he raised in the § 2255 motion he filed with the Sentencing Court. (ECF No. 1). Petitioner argues that, in light of the Sixth Circuit's decision in *Havis,* he no longer qualifies as a career offender.[2] Furthermore, Petitioner states that he would no longer qualify for the § 851 enhancement if sentenced today, because he did not spend more than one year in prison on the predicate drug offense. (*Id.* at 3-4). Petitioner asks the Court to dismiss Count 1 of his indictment and resentence him on Count 2 without the sentence enhancement.

On December 21, 2021, the Court issued a Show Cause Order, directing Respondent to answer or otherwise respond to the habeas petition. (ECF No. 5). Respondent filed a response on February 17, 2022, asking that the petition be dismissed. (ECF No. 7). Respondent offers one overarching argument in support of his request for dismissal. Respondent points out that Petitioner is not challenging the execution of his sentence, but is attacking the validity of the Sentencing Court's judgment, making his petition a motion under § 2255. Because § 2255 motions must be brought in the

---

[2] In *Havis,* the Sixth Circuit held that an attempted drug trafficking offense does not fall within the definition of a "controlled substance offense" sufficient to trigger the career offender enhancement. *Havis,* 927 F.3d at 387.

sentencing court, the petition does not belong in this Court. (*Id.* at 5-6). Respondent further asserts that even if the petition could be reviewed in this Court, it is successive to Petitioner's § 2255 motion, which was already rejected by the Sentencing Court. Respondent adds that the Court should not consider claims previously addressed by the Sentencing Court, because to do so would invite forum shopping. (*Id.* at 7). Lastly, Respondent contends that Petitioner does not qualify for review under the § 2255(e) savings clause, because he cannot satisfy the requirements set forth in *United States v. Wheeler*. (Id. at 8-12).

On February 18, 2022, the undersigned entered an Order advising Petitioner that he had sixty days to file a reply to Respondent's request for dismissal. (ECF No. 8). The sixty days has now expired, and Petitioner did not file a reply memorandum.

## II.    **Standard of Review**

Respondent requests that Petitioner's petition be dismissed. (ECF No. 7 at 1). Respondent does not articulate under which rule's authority he seeks dismissal, but, presumably, this request is made pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Respondent filed a Response concurrently with his motion to dismiss, the motion technically should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all

well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id*. The Court "may also consider documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp*., 572 F.3d 176, 180 (4th Cir. 2009).

## III.  Discussion

Although Petitioner says that he is challenging his conviction and asks the Court to dismiss Count 1 of the indictment, he provides no rationale or argument in support of that request. Count 1 charged Petitioner with conspiracy to distribute 50 grams or more of methamphetamine. He does not assert that he is innocent of the conspiracy charge. To the contrary, he knowingly and intelligently pled guilty to that charge and does not dispute that he did so. He offers no claim that his plea was invalid; instead, he argues that the career offender enhancement and the enhancement under 21 U.S.C. § 851 are no longer applicable. Petitioner does state in his request for relief that Count 1 should be

dismissed because it is "no longer a controlled substance offense." (ECF No. 1 at 4). However, he provides no explanation or support for that conclusory statement, and the statement is plainly wrong. *See* 21 U.S.C. §§ 841(a)(1), 846. Given the lack of any ground upon which to review the validity of his conviction, the undersigned construes his petition as solely contesting the application of two sentence enhancements. As such, his action is properly brought under 28 U.S.C. § 2255, which is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). In contrast, § 2241 is the remedy used to challenge the *execution* of a federal sentence. Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

### A. The savings clause

Notwithstanding the different purposes of a § 2255 motion and a § 2241 petition, 28 U.S.C. 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas corpus pursuant to § 2241. It states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause

in the context of a challenge to the validity of a sentence, the petitioner must show the following: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") held in *Wheeler* that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the court does not have jurisdiction to entertain the § 2241 petition. *Id.* at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. *See Hood v. United States*, 13 Fed. Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 Fed. Appx. 268 (4th Cir. 2014).

### B. Governing law

Petitioner was convicted in the Eastern District of Tennessee, which sits within the Sixth Circuit. He filed the instant § 2241 petition in this Court while he was incarcerated within the Southern District of West Virginia, which sits within the Fourth Circuit. "In evaluating substantive claims under the savings clause ... we look to the substantive law of the circuit where the defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). In contrast, procedural issues are governed by the procedural law of the circuit in which the petition is pending. *Id.* Therefore, the undersigned will consider

Petitioner's § 2241 petition using the substantive law of the Sixth Circuit and the procedural law of the Fourth Circuit.

### C. Petitioner is not entitled to use the savings clause

Petitioner argues that *Havis* retroactively invalidates his sentence; thus, allowing him to utilize the savings clause under *Wheeler*. Petitioner is incorrect. Looking at the four prongs of the *Wheeler* test—all of which must be satisfied in order to use the savings clause—Petitioner clearly cannot meet the second prong. To begin, *Havis* does not fulfill the requirement that the change in substantive law be "subsequent to [a petitioner's] direct appeal and first § 2255 motion." *See Wheeler*, 886 F.3d at 429. Here, Petitioner raised the *Havis* case in his first § 2255 motion, and the Sentencing Court analyzed the motion considering the decision in *Havis*. (ECF No. 7-7). Moreover, as the Sentencing Court pointed out, *Havis* has not been deemed to apply retroactively on collateral review. This is true in the Sixth Circuit, as well as the Fourth Circuit. *See, e.g., United States v. McKinnie,* 24 F.4th 583, 587 (6th Cir. 2022) ("Accordingly, because *Havis* does not apply retroactively, a *Havis* error is not an extraordinary and compelling reason to modify an inmate's sentence under §3582(c)(1)(A)(i)."); *Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019) (holding that a petitioner "cannot use § 2255—or our decision in *Havis*— to attack collaterally his designation as career offender under the Sentencing Guidelines."); *Gibson v. Phelps*, No. 9:20-CV-00981-JMC, 2020 WL 3548225, at *3 (D.S.C. June 30, 2020), *aff'd,* 827 Fed. Appx. 357 (4th Cir. 2020) ("The *Havis* decision cited by Petitioner does not provide him with a relief, as it has not been made retroactive to cases on collateral review.").

Next, Petitioner offers no change in the law that would affect the validity of his § 851 enhancement. *Havis* did not address a sentence enhancement under § 851, and

Petitioner offers no other law in support of his petition. Petitioner claims that the enhancement was erroneous because he served only a six-month sentence on the predicate drug conviction. However, Petitioner fails to explain how the length of his sentence affected the application of § 851—particularly, as the prior crime of conviction was a felony drug offense that exposed Petitioner to a sentence in excess of one year. He further fails to identify a change in substantive law since his appeal and first § 2255 motion, which alters the validity of the § 851 enhancement and is retroactive on collateral review. As *Havis* provides no justification for application of the savings clause exception, and Petitioner has provided no other basis for meeting the second prong of *Wheeler,* the undersigned **FINDS** that this Court lacks jurisdiction over Petitioner's § 2241 petition.

### D. Transfer or dismissal of petition

As Petitioner is unable to proceed under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If this Court chooses to dismiss Petitioner's action, then he will be required to pursue his claim in the United States District Court for the Eastern District of Tennessee. Unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated at the time that he files his petition*, see United States v. Poole,* 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the movant to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).

The Court could construe Petitioner's petition as a § 2255 motion and transfer it to the sentencing court; however, the undersigned **FINDS** no purpose in this exercise. Petitioner already filed a § 2255 motion with the Sentencing Court, making this motion second or successive and requiring Petitioner to obtain authorization from the Sixth Circuit before filing another § 2255 motion. *See* § 2255(h) and 28 U.S.C. § 2244(b)(3)(A).

Petitioner's apparent lack of authorization from the Sixth Circuit eliminates any benefit to be gained from a transfer to the Sentencing Court. *See Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) *abrogated in part on other grounds by United States v. McRae*, 793 F.3d 392 (4th Cir. 2015) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

As an alternative, this Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Sixth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

Notably, the Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 Fed. Appx. 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir.

1987)) (declining to transfer claims under § 1631 that were frivolous).

For an appellate court to grant a request to file a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). In contrast, the Sixth Circuit—the court to which this case would be transferred—does have a blanket policy requiring its district courts to transfer all successive § 2255 motions, so that the Sixth Circuit may decide the issue of preauthorization. *United States v. Gastelum-Lara*, 478 Fed. Appx. 303, 305 (6th Cir. 2012); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Berry v. United States*, No. 05-cr-20048, 2014 WL 6668488, at *2 (E.D. Mich. Nov. 24, 2014). However, as noted above, while the substantive law of the Sixth Circuit applies to the merits of Petitioner's claims, this Court continues to be governed by Fourth Circuit procedural law. Accordingly, "tak[ing] a peek at the merits" of Petitioner's claim, it appears that a transfer is not warranted because Petitioner does not satisfy the requirements of 28 U.S.C. § 2255(h). *Phillips*, 173 F.3d at 610.

As an initial matter, these claims would not be cognizable in the Sixth Circuit because, like the Fourth Circuit, that court has held that *Havis* is not retroactive on

collateral review. Moreover, *Havis* is not a new rule of constitutional law, and Petitioner's motion would be barred by the statute of limitations. Lastly, Petitioner already raised these claims with the Sentencing Court, which rejected them. Petitioner did not appeal the Sentencing Court's decision, making the judgment final. Accordingly, the undersigned **FINDS** that transferring Petitioner's claims to the Sixth Circuit would be a waste of judicial resources.

## IV.    Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** that Respondent's request for dismissal, (ECF No. 7), be **GRANTED;** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:** May 27, 2022

Cheryl A. Eifert
United States Magistrate Judge

14